IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| **JARREL LEE JOHNSON,** : | |
| : | |
| Petitioner, : | |
| : | |
| V. : | |
| : | NO. 4:22-cv-00182-CDL-MSH |
| **Warden TRAVIS BRAGG,** *et al.*, : | |
| : | |
| Respondents. : | |
| : | |

### ORDER OF DISMISSAL

Petitioner Jarrel Lee Johnson, a detainee in the Marlboro County Detention Center in Bennettsville, South Carolina, has filed a petition for a writ of habeas corpus challenging his detention. Pet. for Writ of Habeas Corpus, ECF No. 1. Petitioner has also filed a motion for leave to proceed *in forma pauperis*. Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 2.

Under 28 U.S.C. § 2241, a district court may only grant a writ of habeas corpus within its jurisdiction. 28 U.S.C. § 2241(a). The restricting language in § 2241(a) has been construed to require that the court issuing the writ have territorial jurisdiction over the custodian of the petitioner. *See Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004). As noted above, Petitioner is in custody in a South Carolina detention center. Thus, this Court lacks jurisdiction to decide this case. *See id.*

Transferring this case to South Carolina is not appropriate because Petitioner already has a pending petition for a writ of habeas corpus in that state raising the same claims that he is raising in this case. Accordingly, this petition is now **DISMISSED**

**WITHOUT PREJUDICE** for lack of jurisdiction.  In light of this order, Petitioner's motion to proceed *in forma pauperis* is also **DENIED AS MOOT**.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO PROCEED IFP ON APPEAL

A prisoner seeking to appeal a district court's final order denying his petition for a writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1)(A).  Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a [COA] when it enters a final order adverse to the applicant," and if a COA is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."

Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  This requires a demonstration that "jurists of reason could disagree with the district court's resolution of [a petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  When the Court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, as in this case, the petitioner must show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling"; and (2) "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right."  *Slack v. McDaniel*, 529 U.S.

473, 484 (2000).

Petitioner cannot make these showings. Therefore, Petitioner is now **DENIED** a certificate of appealability. Additionally, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. See 28 U.S.C. § 1915(a)(3). Accordingly, Petitioner is also **DENIED** leave to appeal *in forma pauperis*.

**SO ORDERED**, this **20th** day of **December, 2022**.

                                                S/Clay D. Land
                                                CLAY D. LAND
                                                U.S. DISTRICT COURT JUDGE
                                                MIDDLE DISTRICT OF GEORGIA