# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | |
|---|---|
| **JARREL LEE JOHNSON,** : | |
| : | |
| **Petitioner,** : | |
| : | |
| V. : | NO. 4:22-cv-00182-CDL-MSH |
| : | |
| Warden **TRAVIS BRAGG**, *et al.*, : | |
| : | |
| **Respondents.** : | |
| _____: | |

## ORDER

Petitioner Jarrel Lee Johnson, a detainee in the Marlboro County Detention Center in Bennettsville, South Carolina, filed a petition for a writ of habeas corpus challenging his detention. Pet. for Writ of Habeas Corpus, ECF No. 1. A review of the petition showed that Petitioner is an inmate in South Carolina. Accordingly, this Court dismissed the petition for lack of jurisdiction to decide this case. Order, ECF No. 5. In that same order, this Court denied Petitioner a certificate of appealability and leave to proceed *in forma pauperis* on appeal. *Id.*

Petitioner has now filed a motion for a certificate of appealability. Mot. for Cert. of Appealability, ECF No. 7. Insofar as this Court has already denied Petitioner a certificate of appealability, the pending motion is now **DENIED** as moot.

To the extent that Petitioner's motion may be construed as a motion for reconsideration of the order denying Petitioner a certificate of appealability, Petitioner has not shown any basis for reconsideration. In this regard, reconsideration is only appropriate when "(1) there has been an intervening change in the law; (2) new and

previously unavailable evidence has been discovered through the exercise of due diligence; or (3) the court made a clear error of law." *Fla. Found. Seed Producers, Inc. v. Ga. Farms Servs., Inc.*, 977 F. Supp. 2d 1336 (M.D. Ga. 2013). Petitioner's motion does not show that any of these circumstances are present.

Petitioner's petition was dismissed for lack of jurisdiction. When the Court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, as in this case, the petitioner must show that (1) "jurists of reason would find it debatable whether the district court was correct in its procedural ruling;" and (2) "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because Petitioner is in custody in South Carolina, this Court lacks jurisdiction over his petition, *see Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004), and Petitioner's motion does not show that this conclusion is debatable. Therefore, Petitioner is also **DENIED** reconsideration of the order denying him a certificate of appealability.

**SO ORDERED**, this 12th day of January, 2023.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA