# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | |
|---|---|
| **JARREL LEE JOHNSON,** | : |
| Petitioner, | : |
| V. | : |
| Warden **TRAVIS BRAGG,** *et al.*, | : NO. 4:22-cv-00182-CDL-MSH |
| Respondents. | : |

## ORDER

Petitioner Jarrel Lee Johnson, a detainee in the Marlboro County Detention Center in Bennettsville, South Carolina, filed a petition for a writ of habeas corpus challenging his detention. Pet. for Writ of Habeas Corpus, ECF No. 1. A review of the petition showed that Petitioner is an inmate in South Carolina. Accordingly, this Court dismissed the petition for lack of jurisdiction to decide this case. Order, ECF No. 5. In that same order, this Court denied Petitioner a certificate of appealability and leave to proceed *in forma pauperis* on appeal. *Id.*

Petitioner has now filed a motion for leave to appeal *in forma pauperis*. Mot. for Leave to Appeal *In Forma Pauperis*, ECF No. 11. Insofar as this Court has already denied Petitioner a certificate of appealability and leave to appeal *in forma pauperis*, the pending motion is now **DENIED** as moot.

To the extent that Petitioner's motion may be construed as a motion for reconsideration of the order denying Petitioner leave to appeal *in forma pauperis*, Petitioner has not shown any basis for reconsideration. In this regard, reconsideration is only

appropriate when "(1) there has been an intervening change in the law; (2) new and previously unavailable evidence has been discovered through the exercise of due diligence; or (3) the court made a clear error of law." *Fla. Found. Seed Producers, Inc. v. Ga. Farms Servs., Inc.*, 977 F. Supp. 2d 1336 (M.D. Ga. 2013). Petitioner's motion does not show that any of these circumstances are present.

Applications to appeal *in forma pauperis* are governed by 28 U.S.C. § 1915 and Fed. R. App. P. 24. Under 28 U.S.C. § 1915,

> (a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
> . . .
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Similarly, Fed. R. App. P. 24(a) provides:

> (1) [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>     (A) shows . . . the party's inability to pay or to give security for fees and costs;
>     (B) claims an entitlement to redress; and
>     (C) states the issues that the party intends to present on appeal.
> (2) If the district court denies the motion, it must state its reasons in writing.

Thus, the district court must make two determinations when faced with an application to proceed on appeal *in forma pauperis*. First, it must determine whether the Petitioner is financially able to pay the filing fee required for an appeal.

2

Since September 2022, Petitioner has filed two civil rights complaints and three separate petitions with this Court. *See Johnson v. Unnamed Respondent*, Case No. 4:22-cv-133-CDL-MSH (filed Sept. 6, 2022); *Johnson v. Bragg*, Case No. 4:22-cv-180-CDL-MSH (filed Nov. 22, 2022); *Johnson v. Bragg*, Case No. 4:22-cv-181-CDL-MSH (filed Nov. 22, 2022); *Johnson v. Bragg*, Case No. 4:22-cv-182-CDL-MSH (filed Nov. 22, 2022); *Johnson v. United States of America*, Case No. 4:23-cv-12-CDL-MSH (filed Jan. 30, 2023). Petitioner has not submitted a certified account statement signed by a prison official in any of these cases. Moreover, in Petitioner's present motion, he indicates that, for the past year, he has received an average amount of $550 per month through "self-employment" and "gifts". Mot. for Leave to Appeal *In Forma Pauperis* 2, ECF No. 11. He further indicates that he owns a 2004 Chevrolet Suburban and a 2002 Ford Mercury Sable. *Id*. at 3. Under these circumstances, this Court has no legitimate basis to determine if Petitioner is unable to pay the $505.00 appellate filing fee.

Assuming for the purpose of this motion that Petitioner is unable to pay the appellate filing fee, the Court must next determine if he has satisfied the good faith requirement. "'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). A petitioner demonstrates good faith when he seeks review of a non-frivolous issue. *Id*.; *Morris v. Ross*, 663 F.2d 1032, 1033 (11th Cir. 1981). An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002). "Arguable means being capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quotation

3

marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'") (citations omitted). "In deciding whether an [in forma pauperis] appeal is frivolous, a district court determines whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

The petition in this case was dismissed for lack of jurisdiction. When the Court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, as in this case, the petitioner must show that (1) "jurists of reason would find it debatable whether the district court was correct in its procedural ruling;" and (2) "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because Petitioner is in custody in South Carolina, this Court lacks jurisdiction over his petition, *see Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004), and Petitioner has never shown in this case that this conclusion is debatable. Therefore, there are no non-frivolous issues for Petitioner to raise on appeal, and Petitioner is also **DENIED** reconsideration of the order denying him leave to appeal *in forma pauperis*.

**SO ORDERED**, this **13th** day of **March, 2023**.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA